# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| RODNEY MICHAEL McCOLLIGAN, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 5:18-CV-160 (MTT) |
| VENDOR RESOURCE MANAGEMENT, *et al.*, | ) |
| Defendants. | ) |

## ORDER

Defendants Middle District of Georgia Judges Ashley Royal and Tilman Self,[1] Houston County Superior Court Judge Edward Lukemire, Houston County Magistrate Judge Angela Sammons, Vendor Resource Management (VRM), Steven Flynn, and Greg Krivo have moved to dismiss the claims against them brought by Plaintiff Rodney McColligan. Docs. 8; 9; 11; 35. The Plaintiff, proceeding pro se, responded to the motions. Docs. 21; 22; 23; 38. For the following reasons, the Defendants' motions (Docs. 8; 9; 11; 35) are **GRANTED**.

## I. FACTUAL ALLEGATIONS

The factual allegations outlined in the Plaintiff's complaint are difficult to follow. It appears that this case arises from the Plaintiff being "wrongfully evicted from proprietary property" due to "a foreclosure Judgment dated April 4[,] 2017 without just cause and without due process; and then enforcing an evict of Plaintiff from his property . . . on

---

[1] Judges should recuse themselves from deciding cases where the defendants are judges of the same district "unless the litigation is patently frivolous or judicial immunity is clearly applicable." GUIDE TO JUDICIARY POLICY § 3.6-6[1]. As explained in this order, "judicial immunity is clearly applicable" to Judges Ashley Royal and Tilman Self.

APRIL 16, 2018 unlawfully." Doc. 1 ¶¶ 13, 43.  The Plaintiff attached to his complaint multiple court documents from prior cases regarding his eviction, as well as what appears to be the Plaintiff's interpretation and history of various statutes and case law. *See generally* Docs. 1-2; 1-3; 1-4; 1-5; 1-6; 1-7; 1-8; 1-9; 1-10; 1-11; 1-12; 1-13; 1-14; 1-15; 1-16; 1-17; 1-18; 1-19; 1-20; 1-21; 1-22; 1-23; 1-24; 1-25; 1-26; 1-27; 1-28; 1-29; 1-30; 1-31; 1-32.

The Plaintiff claims that he owned the real property at 111 Glendale Court, Warner Robins, Georgia.  Doc. 1 at 10.  On August 20, 2007, the Plaintiff signed a promissory note and security deed to obtain a mortgage from Market Street Corporation, giving Market Street the power to foreclose on the Plaintiff's Property upon the Plaintiff's default.  Doc. 1-19.  On September 5, Market Street assigned the security deed to the Georgia Housing and Finance Authority (GHFA).  *Id.*  On April 4, 2017, the GHFA foreclosed on the Property and was the successful bidder.  Doc. 1-18.  GHFA subsequently conveyed the Property to VRM.  Doc. 1-19.  On May 20, VRM mailed a written demand to the Plaintiff for possession of the Property.  Doc. 1-20.

On June 8, VRM initiated dispossessory proceedings against the Plaintiff in Houston County Magistrate Court, and the Plaintiff filed an answer a week later.  Doc. 1-15 at 2.  After a contested hearing, Judge Sammons entered judgment, ruling that VRM was entitled to a writ of possession for the Property and ordering removal of the Plaintiff from the Property.  Doc. 1-21.  A final order by the Houston County Superior Court was entered.  *Id.*  The Plaintiff appealed the judgment in Houston County Superior Court.  Doc. 1-25.  VRM then filed a motion for summary judgment, which Judge Lukemire granted.  Docs. 1-5; 1-16.

The Plaintiff subsequently filed two lawsuits regarding his eviction. The first lawsuit—brought in Houston County Superior Court and later removed to this Court—alleged fraud and misrepresentation during his eviction and foreclosure proceedings by State Home Mortgage (SHM) and GHFA. Doc. 1-3. The lawsuit was assigned to Judge Royal, who ultimately granted SHM and GHFA's motion to dismiss. *Id.* SHM and GHFA were represented by Flynn and Jimmy Thomas Howell, Jr. of McCalla Raymer Leibert Pierce, LLC.[2] *Id.* The Plaintiff did not appeal. Rather, he filed a second complaint in this Court against VRM, represented by Krivo, and "DOES 1 THROUGH 94, INCLUSIVE" ("Unknown Investors and Agents" of VRM) alleging deprivation of his civil rights during the foreclosure process under 42 U.S.C. § 1983. Doc. 1-2. Judge Self was assigned the case. *Id.* Judge Self denied the Plaintiff's motion to preliminarily enjoin VRM from evicting him from the Property, denied his motion for a temporary restraining order, and denied his motion to cease and desist. *Id.* The Plaintiff appealed Judge Self's denial of his motions. *McColligan v. Vendor Res. Mgmt.*, Case No. 5:18-cv-111, Doc. 13. That case remains pending. *Id.*

The Plaintiff now brings his third complaint regarding these facts and allegations against VRM, Howell, Flynn, Judge Royal, Judge Self, Krivo, Judge Lukemire, Judge Sammons, and "DOES 1 THROUGH 100, INCLUSIVE" ("Unknown Investors and Agents" of VRM). Doc. 1 at 2. The Plaintiff attempts to allege constitutional violations under 42 U.S.C. § 1983, civil conspiracy to interfere with his civil rights, copyright

---

[2] The Plaintiff does not bring any claims against McCalla Raymer Leibert Pierce, LLC or allege that it is vicariously liable for the alleged unlawful acts and omissions of Howell. *See generally* Doc. 1. The Clerk is directed to correct the case style to accord with the complaint.

violations under 18 U.S.C. § 1342, and conspiracy to deny him equal protection under 42 U.S.C. § 1985.  *Id.* at 2-16.

The Plaintiff requests compensatory damages "of $10,000 per day for every day that [the Plaintiff] is without control of his property due to evition [sic], from each Defendant, for each cause of action; This shall be payable to the Plaintiff in Constitutional Lawful Money redeemable in gold or silver coin as set fouth [sic] in Article 1 Sec. 10 of the constitution."  *Id.* at 15.  The Plaintiff also requests $8,000,000 in damages for the Defendants' unauthorized use of his copyright via United States mail.  *Id.* at 14.  The Plaintiff additionally requests punitive damages, "cost of this suit," a jury trial, and "[a] declaratory judgment that the practices of the Defendants violated the substantive and procedural due process."  *Id.* at 15-17.  Finally, the Plaintiff requests "[a]n Order from the court explaining wherein the complaint is deficient and how to correct it" and "Orders and Judgment or the like or similar ruling . . . to be supported by Findings of Fact and Conclutions [sic] of Law in pursuance of the Federal Constitution, not mere unsupported opinions and judgments without explaining the constitutional basis of the ruling(s)" and leave to amend the complaint "once discovery is completed, and Defendants have raised the usual Fed. R. Civ. [P.] 12(b)(6) objections and avalanche of procedural gimmicks."  *Id.* at 15-16.

## II. MOTION TO DISMISS STANDARD

The Federal Rules of Civil Procedure require a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter to "'state a claim to relief that is

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006) (internal quotation marks and citation omitted). However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" *Iqbal,* 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). Although a pro se complaint, "however inartfully pleaded," will "be held to less stringent standards than formal pleadings drafted by lawyers," *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted). Where there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts. *Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

### III.  DISCUSSION

**A. Judicial Immunity**

Judges are "entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000)

(internal quotation marks and citations omitted). "[A] court must construe jurisdiction broadly in favor of the defendant judge." *Otworth v. The Fla. Bar*, 71 F. Supp. 2d 1209, 1218 (M.D. Fla. 1999) (citing *Stump v. Sparkman*, 435 U.S. 349, 356 (1978)). An inquiry into the merits of the judicial decision is not permitted in such a case. *Sibley v. Lando*, 437 F.3d 1067, 1071 (11th Cir. 2005).

Judges Royal, Self, Lukemire, and Sammons were clearly "acting in their judicial capacity" as they oversaw the Plaintiff's various proceedings. *See Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) ("Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judges' chamber or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity.") (citation omitted). Additionally, the judges were not acting in the "clear absence of all jurisdiction" because they had jurisdiction over the proceedings. *Id.*; O.C.G.A. § 44-7-50 (stating that magistrate and superior court judges in the district where the land lies have jurisdiction over dispossessory proceedings); 28 U.S.C. § 1331 (stating that federal judges have jurisdiction over cases involving a question of federal law, such as 42 U.S.C. § 1983). Furthermore, judicial immunity applies "even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Bolin*, 225 F.3d at 1239. Accordingly, Judge Royal's, Judge Self's, Judge Lukemire's, and Judge Sammons' motions to dismiss (Docs. 8; 9; 35) are **GRANTED**, and the Plaintiff's claims against those Defendants are **DISMISSED with prejudice**.

**B. Prior Pending Action**

The Plaintiff cannot bring his civil rights claims against the remaining Defendants due to the prior pending action doctrine. The prior pending action doctrine is implicated because: (1) the Plaintiff brought this case while his civil rights action in front of Judge Self was and is on interlocutory appeal of Judge Self's order denying injunctive relief; and (2) the issues in these cases are substantially identical. *Cf. Oliney v. Gardner*, 771 F.2d 856, 859 (5th Cir. 1985) ("When a plaintiff files a second complaint alleging the same cause of action as a prior, *pending*, related action, the second complaint may be dismissed." (emphasis in original)); *Holliday v. City of Newington*, 2004 WL 717160, at *1 (D. Conn. 2004) ("Because [a] district court enjoys substantial discretion to manage its docket efficiently to avoid duplicate litigation . . . a court may dismiss an action when a prior pending action has been filed as long as the controlling issues in the dismissed action will be determined in the other lawsuit." (internal quotation marks and citation omitted)).

The Plaintiff cannot bring these new 42 U.S.C. § 1983, civil conspiracy, and 42 U.S.C. § 1985 claims against Defendants VRM and "DOES 1 THROUGH 100, INCLUSIVE" because he has a prior case pending against them regarding the same set of facts with Judge Self. *McColligan v. Vendor Res. Mgmt.*, Case No. 5:18-cv-111, Doc. 13. The Plaintiff also cannot bring claims against Defendants Howell, Krivo, and Flynn. "[A] party seeking to enforce a claim legally or equitably must present to the court, either in pleading or in proof, or both, all the grounds upon which he expects a judgment in his favor. He is not at liberty to split up his demand, and prosecute by piecemeal, or present only a portion of the grounds upon which special relief is sought, and leave the

rest to be presented in a second suit, if the first fail." *United States v. Haytian Rep.*, 154 U.S. 118, 125 (1894) (internal quotation marks and citation omitted). A second lawsuit is duplicative of the first "if the parties, issues and available relief do not significantly differ between the two actions."

Accordingly, the Plaintiff's § 1983, civil conspiracy, and § 1985 claims against Defendants VRM, Krivo, Flynn, Howell, and "DOES 1 THROUGH 100, INCLUSIVE" are **DISMISSED without prejudice**.[3]

**C. Failure to State Claims**

For the reasons discussed below, the Plaintiff's civil-rights-based claims are also subject to dismissal because he has failed to state claims upon which relief can be granted as required by Rule 8(a)(2) of the Federal Rules of Civil Procedure.

**1. Section 1983 Claims**

The Plaintiff alleges that the Defendants "are liable under section 1983 if they received notice of a pattern of unconstitutional acts committed and they demonstrated deliberate indifference to or tacit authorization of the offensive acts and/or that they failed to take sufficient remedial action and such failure proximately caused injury to the Plaintiff." Doc. 1 at 8. The Plaintiff alleges that the Defendants denied him a jury trial and his due process rights "repeatedly in the court proceedings wherein Defendants,

---

[3] Jimmy Thomas Howell, Jr. and "DOES 1 THROUGH 100, INCLUSIVE" have not filed a motion to dismiss. "A district court is usually prohibited from dismissing a complaint sua sponte if it has failed to provide notice of its intent to dismiss or provide an opportunity to respond. Nonetheless, even if a party does not have notice that the district court is considering a dismissal, the court may dismiss an action without notice if the complaint is patently frivolous or if amendment would be futile." *Harris v. Buckhorn*, 545 F. App'x 862, 863 (11th Cir. 2013). Because the Plaintiff failed by any means to state a claim upon which relief could be granted, the Plaintiff's claims against Howell and "DOES 1 THROUGH 100, INCLUSIVE" are also **DISMISSED without prejudice**. *Westley v. Alberto*, 703 F. App'x 727, 732 (11th Cir. 2017) (holding that a district court did not abuse its discretion by not affording the pro se plaintiff notice or an opportunity to respond before sua sponte dismissing his complaint with prejudice because the complaint was "patently frivolous").

individuals acting as judges and attorneys et al. government agents, ran foreclosure proceedings and all Plaintiff's efforts were ignored and disregarded demonstrating aforesaid individuals', Defendants', contempt for Plaintiff's rights to equal protection and due process." *Id.*  In other words, the Plaintiff appears to allege that the Defendants are liable under 42 U.S.C. § 1983 and thus acting under color of law simply because the Defendants were involved in the previous court proceedings.  *See id.*

The Plaintiff is mistaken.  Plaintiffs may bring a cause of action against a public official when that official, acting "under color of any statute," deprives the plaintiff of his constitutional and statutory rights.  42 U.S.C. § 1983.  "In order to sustain a cause of action based on 42 U.S.C. § 1983, a plaintiff must make a prima facie showing of two elements: (1) that the act or omission deprived plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States, and (2) that the act or omission was done by a person acting under color of state law."  *Dwyer v. Office of Criminal Conflict*, 2012 WL 4758137, at *3 (N.D. Fla. 2012) (citing *Dollar v. Haralson Cty., Ga.*, 704 F.2d 1540, 1542-43 (11th Cir. 1983)).

Here, the Plaintiff does not plausibly allege, and clearly on the facts could not in good faith allege, that the private Defendants were acting under the color of state law. A private party may be recognized as a state actor only when one of the following three tests is satisfied: the state compulsion test, the public function test, or the nexus/joint action test.  *Davis v. Self*, 547 F. App'x 927, 933-34 (11th Cir. 2013).  The state compulsion test applies when "the State has coerced or at least significantly encouraged the action alleged to violate the Constitution."  *Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001).  The public function test applies when a

private party "performed a public function that was traditionally the exclusive prerogative of the State." *Id.* The nexus/joint action test applies when "the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise[]." *Id.*

None of these tests apply here. The Plaintiff's complaint offers only the conclusory statement that the Defendants collectively violated his civil rights because they were involved in the previous court proceedings without any factual allegations that an agreement was made. The Plaintiff alleges that VRM and "DOES 1 THROUGH 100, INCLUSIVE" (or VRM's investors), acting through its attorneys—Krivo, Flynn, and Howell—are part of this conspiracy. *See generally* Doc. 1. In any event, the complaint clearly does not state any civil rights claims under § 1983. Furthermore, the Eleventh Circuit has held that private attorneys acting on behalf of their clients, who are private citizens, are not transformed into state actors simply because they successfully litigated their clients' issues in court. *Davis*, 547 F. App'x at 933. Defendants Howell, Flynn, and Krivo—private attorneys acting on behalf of their clients—are thus not public officials acting under the color of state law and are not subject to § 1983. For this additional reason, the Plaintiff's § 1983 claims are **DISMISSED without prejudice**.

### 2. Conspiracy Claims

In the Plaintiff's civil conspiracy claim, the only facts alleged are that the Defendants "work[ed] together via the mechanisms of the court to impose and enforce summary proceeding on Plaintiff and his property in violation of his right to due process and equal protection of the laws." Doc. 1 at 10. "To allege a civil conspiracy, [the Plaintiff] must cite facts allowing for the *reasonable* inference that an agreement existed

between [the Defendants] to do an unlawful act (or a lawful act by unlawful means), that some overt act was done in furtherance of the conspiracy, and that [the Plaintiff] was harmed as a result." *Marjam Supply Co. of Fla., LLC v. Pliteq, Inc.*, 2016 WL 11501768, at *5 (S.D. Fla. 2016) (internal quotation marks and citations omitted) (emphasis added). Because the Plaintiff offers only conclusions and no facts alleging "specific actions taken by any individual defendant," he fails to plausibly allege his conspiracy claims. *Westley v. Alberto*, 703 F. App'x 727, 732 (11th Cir. 2017). Accordingly, the Plaintiff's civil conspiracy claims are **DISMISSED without prejudice**.

### 3. Section 1985 Claims

The Plaintiff also alleges that the Defendants violated 42 U.S.C. § 1985(3) by conspiring to deny him due process and a jury trial on his foreclosure proceedings. Doc. 1 at 11. Specifically, the Plaintiff alleges that that the Defendants unfairly treated him based on his class: "a non-lawyer pro se litigant." *Id.* Section 1985 gives a person a cause of action against anyone who conspires to deprive "either directly or indirectly, *any person or class of persons of the equal protection of the laws*, or of equal privileges and immunities under the laws. . . ." 42 U.S.C. § 1985 (emphasis added). "The Equal Protection Clause has traditionally been applied to governmental classifications that treat certain *groups* of citizens differently than others." *Fahs Constr. Grp. v. Van Auken*, 725 F.3d 289, 291 (2d Cir. 2013) (citation omitted) (emphasis in original). But unlike § 1983, § 1985(3) actions "reach[ ] purely private conspiracies." *Un. Broth. of Carpenters & Joiners of Am., Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 832 (1983) (citations omitted).

To state a claim under the Equal Protection Clause, and thus a conspiracy under § 1985, a plaintiff "must allege that the plaintiff is a member of an identifiable group, was subjected to differential treatment from others similarly situated, and the difference in treatment was based on his or her membership in that group." *Glenn v. Brumby*, 724 F. Supp. 2d 1284, 1296 (N.D. Ga. 2010) (citing *Pers. Adm'r of Mass. v. Feeney*, 442 U.S. 256, 279 (1979)). As stated in the Defendants' brief, the Plaintiff "has failed to plead facts demonstrating that Plaintiff is a member of [a] protected class of individuals for purposes of equal protection analysis." Doc. 11-1 at 18 (citation omitted). "[N]on-lawyer pro se litigant[s]" are not a protected class. *See Clark v. Jeter*, 486 U.S. 456, 461 (1988). Even if the Plaintiff had properly alleged that he was a member of a protected class, his allegations that he suffered discriminatory animus by being treated differently from others similarly situated without a rational basis, or a "class of one claim," are conclusory. *Campbell v. Rainbow City, Ala.*, 434 F.3d 1306, 1314 (11th Cir. 2006) (holding that plaintiffs alleging a class of one claim must allege facts "(1) that they were treated differently from other similarly situated individuals, and (2) that Defendant unequally applied a facially neutral [law] for the purpose of discriminating against Plaintiffs") (citations omitted). Accordingly, the Plaintiff's § 1985 claims are **DISMISSED without prejudice**.

**D. Copyright Claims**

The Plaintiff also claims that the Defendants violated 18 U.S.C. § 1342 by using the Plaintiff's name in legal proceedings without his permission. Doc. 1 at 14. Section 1342 prohibits the use of a fictitious name in carrying out mail fraud as described in § 1341. However, § 1342, a criminal statute, does not create a private right of action.

See *Bell v. Health-Mor, Inc.*, 549 F.2d 342, 346 (5th Cir. 1977) (holding that there exists no private right of action under 18 U.S.C. § 1341).[4] Accordingly, the Plaintiff's "copyright" claims are **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted.

## IV. CONCLUSION

Judge Ashley Royal's, Judge Tilman Self's, Judge Edward Lukemire's, Judge Angela Sammons', Vendor Resource Management's, Steven Flynn's, and Greg Krivo's motions to dismiss (Docs. 8; 9; 11; 35) are **GRANTED**. The Plaintiff's claims against the judges are **DISMISSED with prejudice**. The Plaintiff's "copyright" claims against all remaining Defendants, including "DOES 1 THROUGH 100, INCLUSIVE" and Jimmy Thomas Howell, Jr., are **DISMISSED with prejudice**. The Plaintiff's remaining claims against VRM, Flynn, Krivo, Howell, and "DOES 1 THROUGH 100, INCLUSIVE" are **DISMISSED without prejudice**.

**SO ORDERED**, this 5th day of March, 2019.

S/ Marc T. Treadwell<br>
MARC T. TREADWELL, JUDGE<br>
UNITED STATES DISTRICT COURT

---

[4] The Eleventh Circuit has adopted as binding precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Pritchard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981).